IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LEE ANN DANIEL-MC COMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-688 |
| | § | |
| OFFICER MARCOS ANDRES DAVIS, | § | |
| and THE CITY OF PEARLAND, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO ENLARGE

This case arises out of an alleged unlawful arrest of Plaintiff Lee Ann Daniel-McComas by an officer of the Pearland Police Department. Plaintiff has alleged violations of 42 U.S.C. § 1983 and has sued Officer Marcos Andres Davis in his individual capacity along with the City of Pearland. Now before the Court is Defendants' Motion to Enlarge Deadlines in Docket Control Order. For the reasons outlined below, Defendants' Motion is **GRANTED**.[1]

### I. Background

Plaintiff filed this lawsuit on February 14, 2006 complaining of an arrest that occurred on March 19, 2004, which was allegedly made without probable cause. Criminal charges are currently pending against Plaintiff as a result of the arrest in question. This case was originally set for trial this month. However, Defendants have moved to continue the trial, stay the case, and enlarge the other docket control deadlines pending the outcome of the criminal case now proceeding against Plaintiff.

### II. Legal Standard

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a Plaintiff pursuing § 1983 claims based on an allegedly unlawful conviction where such unlawfulness would render the conviction invalid must first prove that the conviction has been reversed on appeal or otherwise expunged. *See Heck*, 512, U.S. 477, 114 S. Ct. 2364. Specifically, the Court held that:

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87. While the bar erected by *Heck* is clearly stated, it is not directly applicable to this case, where there is merely a pending criminal action with no resultant conviction.

Fortunately, the Supreme Court has very recently ruled on *Heck*'s applicability to a case where the charges are pending. *See Wallace v. Kato*, __ U.S.__, 127 S. Ct. 1091 (Feb. 21, 2007). In *Wallace v. Kato*, a criminal defendant, Wallace, did not bring his § 1983 claim for false imprisonment until one year after his release from custody and over nine years after his arrest. *See id.* at 1094. The District Court dismissed the plaintiff's action as untimely since the state statute of limitations applicable to § 1983 claims was two years. According to the District Court and the Seventh Circuit Court of Appeals, the § 1983 claim accrued on the date of his arrest, so

his claim was time-barred. *See id.* Not surprisingly, Wallace argued that his § 1983 claim for unlawful arrest did not accrue until after the state dropped the charges against him and he was released from custody. *See id.* The Supreme Court affirmed the judgment of the Seventh Circuit.

Much like Defendants in this action, Wallace argued that *Heck* barred his § 1983 claim until the state charges were finally decided in his favor.[2] *See id.*; Def.'s Supp. to Mot. at 2. In ruling against Wallace, the Supreme Court stated that:

> [w]hat petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings his suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event (instead of the *Heck*-required setting aside of an extant conviction) trigger accrual of the cause of action? Or what if prosecution never occurs-what will the trigger be then?

*Id.* at 1098. Though the statue of limitations is not at issue in this case, the Court's language is obviously instructive, and it's holding is applicable. Plaintiff is clearly allowed to bring her claim for wrongful arrest before her criminal case has been finally resolved.

While the *Wallace* decision allows Plaintiff to assert her claims now, it also includes dicta which indicates that the appropriate course of action is for the Court to stay the proceedings

---

[2] While Defendants argue that Plaintiff's claim has not accrued, they mysteriously request a stay rather than an outright dismissal. Though the Court is granting the relief sought by Defendants, it is not doing so for the reasons espoused in their briefing. In fact, the Court's reasoning is actually more closely aligned with the arguments of Plaintiff, who argues that *Heck* does not bar his action. While this should be obvious from the text of this Order, the Court makes this note for the benefit of future similarly-situated litigants.

until the outcome of the criminal action. *See id.* "If a plaintiff files a false arrest claim before he has been convicted, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.*; *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (indicating that district courts should stay § 1983 claims during a pending related criminal trial). While the suggestion of a stay is not mandatory on the district courts, this Court takes the suggestions of the Supreme Court and the Fifth Circuit very seriously and will stay this action **for the time being**.

However, the Court is still concerned with the possibility of abuse, whether intentional or not, by the locality and officers involved in this and similar suits. Specifically, Plaintiff is forced to wait for possible relief in her civil case while the prosecuting entities leisurely pursue their criminal action. Plaintiff's criminal trial is currently set for September of this year. Therefore, the Court will reset the trial in this case for October 9, 2007. Until then, this case is **STAYED** and **ADMINISTRATIVELY CLOSED**. If the criminal trial is postponed or the charges against Plaintiff are dropped, the Parties are **ORDERED** to contact the Court and set up a status conference to determine the appropriate course of action. The Parties should note that if the criminal trial is further postponed, the Court is disinclined to extend the stay beyond October of this year, and expects to try this case to its conclusion. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 5th day of March, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge